Case No. 19-30702
Consolidated with 19-30989

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

PRISCILLA LEFEBURE, an individual,
Plaintiff - Appellee

VERSUS

SAMUEL D. D'AQUILA, 20th Judicial District, individually and in his official
capacity as District Attorney
Defendant - Appellant

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA, NO. 3:17-cv-01791
HONORABLE SHELLY D. DICK, U.S. DISTRICT JUDGE, PRESIDING

_____

OPPOSITION OF DEFENDANT-APPELLANT SAMUEL C. D'AQUILLA IN
HIS INDIVIDUAL AND OFFICIAL CAPACITY TO
MOTION FOR LEAVE TO FILE AMICUS BRIEF

_____

MAY IT PLEASE THE COURT:

This matter comes before the Court on the Motion of Retired Federal Judges

for leave to file a brief as *Amici Curiae*[1] in support of Petitioner. Respondent opposes

the request and submits that the motion should be denied.

_____

[1] For ease of reference, the three individuals – retired Federal Judges – who are requesting the
Court's permission to file an *Amicus Curiae* brief will be referred to simply as "*Amici*."
Similarly, their proposed *Amicus Curiae* brief will be referred to herein as "*Amicus* Brief."

I.    *Amicus Curiae*—After Rendition of Panel Opinion -- General Principles

A. Rule 29 Federal Rules of Appellate Procedure

Amicus briefs after a panel decision **are allowed to be filed only by leave of court, not as a matter of right**. Rule 29(a) and (b) of the Federal Rules of Appellate Procedure provide:

> (a) **During Initial Consideration of a Case on the Merits.**
>
> (1) **Applicability.** This Rule 29(a) governs amicus filings during a court's initial consideration of a case on the merits.
> (2) **When Permitted.** The United States or its officer or agency or a state may file an amicus brief without the consent of the parties or leave of court. Any other amicus curiae may file a brief only by leave of court or if the brief states that all parties have consented to its filing, but a court of appeals may prohibit the filing of or may strike an amicus brief that would result in a judge's disqualification.
> (3) **Motion for Leave to File.** *The motion must be accompanied by the proposed brief and state:*
> *(A) the movant's interest; and*
> *(B) the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case. (Emphasis added.)*
>
> \* \* \* \* \*
>
> (b) **During Consideration of Whether to Grant Rehearing.**
>
> \* \* \* \* \*

(2) **Motion for Leave to File.** Rule 29 (a)(3) applies to a motion for leave.

\* \* \* \* \*

## II.    *Amici* Do Not Have a Legally Recognizable Interest in this Case

### A. Amici's Statement of Interest is Insufficient

The privilege of participation as *amicus curiae* is within the sound discretion of the court, premised on a finding by the court that the "proffered *amicus* brief is timely, useful, or otherwise necessary to the administration of justice." *United States v. Michigan*, 940 F.2d 143, 165 (6th Cir.1991). Furthering this end, Rule 29 provides that a motion for leave to file an *amicus curiae* brief shall not only identify the interest of the applicant but shall also state:

> …the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case.

Fed R. App. P. Rule 29 a. (3).

*Amici's* supposed interest in this appeal is nebulous. In the statement of interest they claim, "As former public servants, they …have an ongoing commitment to fairness to all litigants, preserving the public's positive perception of the judiciary, and the sound management of the federal courts' jurisdiction and decision-making process." They further allege, "They are concerned that the panel opinion dramatically curtails the federal courts' civil rights jurisdiction, *and does so through a process that is ill-suited to such momentous work on a topic of surpassing present*

*importance."* *Amicus* Brief at p. 4.  One of the headings of the brief is: "The determinative process that led to the panel opinion is definitely wrong." *Amicus* Brief at p. 9.

In advocating for *en banc* review, *Amici* criticize the panel rendering a decision without oral argument and claim "the other problem with the panel decision is that it's hard to see even a glimmer of its controversial nature by just reading it." *Amicus* Brief at p. 11. The latter statement is incorrect. The panel's decision is not 'controversial.' It follows unbroken U.S. Supreme Court precedent established nearly fifty years ago in *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L. Ed. 2d 536 (1977), as well as follows the precedent of this circuit and of other courts.

The statement of *Amici's* alleged interest fails to provide a legally cognizable interest in this case. "Concern" as to manner in which this Court has interpreted the law is insufficient to justify the acceptance of *amicus curiae*. See *American College of Obstetricians and Gynecologists Pennsylvania Section v. Thornburgh*, 699 F.2d 644, 645 (3d Cir. 1983) (per curiam). We also note that in *Boumediene v. Bush, et al,* 05-5062, 05-5064 (D.C. Cir. 12/29/06) (*per curiam*) 476 F. 3d 934, the District of Columbia Circuit denied leave to certain retired federal judges who wished to file an *amicus* brief.

**B. There is Evidence That The Proposed *Amicus* Brief May at least in Part Have Originated From a Third Party**

On March 15, 2021, *Reuters* published an online article which attributes the origin of the *amicus* brief, at least in part, to a former law clerk to one of the *Amici*. (See https://www.reuters.com/article/legal-us-otc-kozinski-idUSKBN2B72UO).

According to the article, the law clerk had served time in the Louisiana State Penitentiary (at Angola) and there become acquainted with assistant warden Barrett Boeker (Ms. Lefebure's alleged rapist and a co-defendant in this litigation). *Id.* The article suggests that the law clerk's knowing Boeker was a motivating factor in seeking out potential *amici curiae*. *Id.* (The article recites that one of the proposed *Amici* was interested – "especially when [the law clerk] told him that the case involved a warden [the clerk] knew from his imprisonment …" *Id.*)

**III.    The *Amicus* Brief Repeats Arguments Already Presented By Appellee in Her Petition for Rehearing *En Banc***

In the proposed brief, *Amici* repeat arguments already made by Lefebure. A few examples:

a) "Ms. Lefebure does not claim damages based on the non-prosecution of her attacker.[2] Her claim that she was raped because the rapist knew the DA would not

---

[2] Having stated this argument, *Amici* then state in their "Argument and Authorities" section that victims of sexual assault "…suffer redressable injuries-in-fact when a jurisdiction's *discriminatory non-prosecution of their specific attacker* denies them access to crime victim resources, exacerbates mental anguish, and causes reasonable fear of re-victimization." (Emphasis added) *Amicus* Brief at p. 4.

prosecute him so he figured (rightly) he could get away with it…" *Amicus* Brief, p. 6. This identical argument was made in Lefebure's Petition for Rehearing *En Banc* (at p. 14[3]). The panel was correct when it analyzed and rejected this claim and determined that, regardless of how presented, "Her theory of the injury is the same." Opinion, at p. 6.

   b) *Amici* contend that the panel decision created an "implicit conflict" (characterized as a "sleeper conflict") within this circuit, citing *Shipp v. McMahon*.[4] *Amicus* Brief at p. 11. Lefebure previously made this argument (at pp. 9-11 of her rehearing motion).

   Allowing *Amici* to make repetitive arguments as to the merits of Lefebure's case, in the guise of *amicus curie*, would be counter to the purpose of allowing *amicus curiae* to participate in proceedings; i.e. where such participation would actually be useful to the Court. *Amici's* duplicative arguments largely rely upon the very same cases cited by Petitioner.[5] **This works merely to extend the length of Petitioner's brief in an apparent hope that repetition of arguments will justify a reversal of the panel's well-supported decision.** See *Abu-Jamal v. Horn, No. 99-5089*, 2000 WL 1100784, at \*4 (E.D. Pa. Aug 7, 2000) ("To the extent that amici

---

[3] *Amici* ignore that a grand jury is alleged to have heard from both parties and returned a "no true bill."

[4] 234 F. 3d 907 (5th Cir. 2000).

[5] See, for example, *Amici's* citation to *Shipp*, *supra,* and *Deshaney v. Winnebago County Department of Social Services,* 489 U.S. 189 (1989).

seek to amplify a claim already presented by petitioner, the burden on the court and parties in terms of additional pages filed and time required to resolve the issues presented likely would outweigh the nominal analytical contribution.").

## IV.    *Amici* **Improperly Attack D'Aquilla**

A further and independent reason that this Court should exercise its discretion to deny the instant motion arises from *Amici's* arguments. The proposed "*Amicus*" brief is not presented as a friend of the Court; rather, it reads as being presented as a friend of Petitioner Lefebure. *Amici* adopt and advocate Petitioner's version of the (alleged) facts, and then add their own conclusory commentary.  For example, the brief concludes as follows:

> Like the panel judges, we are sickened by the conduct of local law enforcement in this case. It shocks any semblance of a decent sensibility that there are places left in America where a sheriff and district attorney routinely fail to collect and process rape kits, where an assailant's "we got a little rough" is accepted at face value by law enforcement, where the victim is the one investigated, and where the well-connected can avoid spending even a night in jail after being arrested on suspicion of the most depraved conduct. If the victim and others like her are not allowed to challenge the policies and practices of such retrograde jurisdictions, then who is? If the federal courts as the last, best guardians of the right to equal protection allow these abuses of law to continue unchecked, then who are we? If we do not permit demands for justice to be heard now, then when?[6]

> *Amicus* Brief, pp. 12-13.

---

[6] This statement ignores that Lefebure's claim of rape was presented to a Grand Jury.

Courts traditionally have denied motions to appear as *amicus curiae* when a proposed *amicus curiae* is perceived to be an interested party or to be an advocate of one of the parties to the litigation as is the case here. *Sciotto v. Marple Newtown School District*, 70 F. Supp.2d 553, 555 (E.D. Pa. 1999), citing *United States v. Gotti*, 755 F. Supp. 1157, 1158-59 (E.D.N.Y. 1991).

The purpose of an *amicus curiae* is to assist the court on the law, not to advocate the facts of a case. This principle was well stated by the First Circuit in *Banarjee v. Board of Trustees of Smith College*, 648 F.2d 61, n.9 (1st Cir. 1981):

> …the prime, if not sole, purpose of an amicus curiae brief is what its name implies, namely, to assist the court on matters of law. While, presumably, an amicus' position on the legal issues coincides with one of the parties, this does not mean that it is to engage in assisting that party with its evidentiary claims. *New England Patriots Football Club, Inc. v. University of Colorado*, 1 Cir., 1979, 592 F.2d 1196, 1198 n.3.

## V.    The Panel's Opinion Does Not Conflict with Opinions Within this Circuit or Those in Other Circuits

The *Amicus* brief claims that the panel decision conflicts with decisions within this circuit and with those in other circuits. On what basis is this assertion made? Perhaps recognizing that the panel's decision doesn't **actually** conflict with any decision of this Circuit (or of any other circuit), *Amici* create the concept of "sleeper conflict," a concept which is not defined. The *Amicus* Brief argues that *Linda R.S.* is no longer controlling. ("…*Linda R.S.* has lost the last doctrinal leg on which it

stood.") On what basis is that assertion made? The fallacious argument is stated thusly:

> …what remained of *Linda R.S.* after *Duke Power*[7] recharacterized its holding and *DeShaney*[8] changed its substantive legal backdrop seems unlikely to have survived *Laidlaw*[9] as well.

This argument is completely without merit. *Duke Power* was decided in 1978. *DeShaney* was decided in 1989. *Laidlaw* was decided in 2000. It is thus hard to explain how the following cases, **all** decided after *Laidlaw*, and **all involving prosecutors,** specifically relied on *Linda R.S.* in holding that an alleged victim did not have standing to sue a prosecutor. See, *Happe v. Lloyd*, 2 Fed. Appx. 519 (7th Cir. 2001); *Amir-Sharif v. District Attorney's Office of Dallas County*, 281 Fed. Appx. 413 (5th Cir. 2008); *Parkhurst v. Tabor*, 569 F. 3d 861, 865 (8th Cir. 2009); *Lewis v. Jindal,* 368 Fed. Appx. 613 (5th Cir. 2010); and *Stingley v. Chisolm*, 805 Fed. Appx. 436 (7th Cir. 2020).

As evidence of an alleged "conflict" between the panel's decision and other decisions, *Amici* – as did Lefebure – cite cases within and without this circuit ***that do not involve prosecutors.*** The cases cited by *Amici* usually involve Equal Protection claims against law enforcement – police or sheriffs.

---

[7] *Duke Power Co. v. Carolina Envir. Study Group, Inc.*, 438 U.S. 59 (1978).
[8] *DeShaney v. Winnebago County Dep't of Soc. Srvs.*, 489 U.S. 189 (1989).
[9] *Friends of the Earth, Inc. v. Laidlaw Envir. Srvs., Inc.*, 528 U.S. 167 (2000).

As D'Aquilla noted in his opposition to Lefebure's rehearing request, in cases brought by alleged victims, the Courts treat prosecutors differently from police in the Equal Protection standing analysis. Notwithstanding that the U.S. Supreme Court, this Circuit and other circuits have consistently recognized this distinction, *Amici* seek to conflate Equal Protection cases involving law enforcement with those involving prosecutors.

Ironically—although not in the standing context--proposed *Amicus* former Chief Judge Kozinski has himself acknowledged the deference owed prosecutors when making the decision whether to prosecute or not. In his dissent from the denial of rehearing *en banc* in *United States v. Mussari,* 168 F.3d 1141, 1143 (9th Cir.1999) *United States v. Mussari,* 168 F.3d 1141, 1143 (9th Cir.1999), Judge Kozinski wrote:

> The majority's complaint is that they did not give Mussari a pass for violating federal law***. But whom to prosecute and whom to leave alone is the heart and soul of prosecutorial discretion, a decision committed to the Executive Branch and "particularly ill-suited to judicial review."*** *Wayte v. United States*, 470 U.S. 598, 607, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985). **Emphasis** *added*.

## VI.    Conclusion

In assessing whether to allow the filing of an amicus brief, this Court has previously followed former Seventh Circuit Chief Judge Richard Posner's oft-quoted skeptical view of *amicus curiae* briefs, set forth in *Ryan v. Commodity*

*Futures Trading Com'n,* 125 F.3d 1062 (7th Cir. 1997).[10]   In *Ryan*, the Chicago

Board of Trade sought leave to file an amicus brief in an appeal of a disciplinary

order rendered against a commodities trader. The court began its explanation of *its*

*denial of leave* with the following introduction:

> The tendency of many judges of this court, including
> myself, has been to grant motions for leave to file amicus
> curiae briefs without careful consideration of "the reasons
> why a brief of an amicus curiae is desirable," although the
> rule makes this a required part of the motion. After 16
> years of reading amicus curiae briefs the vast majority of
> which have not assisted the *7 judges, I have decided that
> it would be good to scrutinize these motions in a more
> careful, indeed a fish-eyed, fashion. *Id*. at 1063.

The Court further elaborated:

> The vast majority of amicus curiae briefs are filed by allies
> of litigants and duplicate the arguments made in the
> litigants' briefs, in effect merely extending the length of
> the litigant's brief. Such amicus briefs should not be
> allowed. They are an abuse. The term "amicus curiae"
> means friend of the court, not friend of a party.
>
> An amicus brief should normally be allowed when a party
> is not represented competently or is not represented at all[11],
> when the amicus has an interest in some other case that
> may be affected by the decision in the present case (though
> not enough affected to entitle the amicus to intervene and
> become a party in the present case), or when the amicus
> has unique information or perspective that can help the
> court beyond the help that the lawyers for the parties are
> able to provide. *Id*. (Citations omitted.)

---

[10] See *In Re: Halo Wireless, Inc. v. Alenco,* et al, 664 F. 3d 581, 596 (5th Cir. 2012).

[11] In a later decision, Judge Posner added:"… (usually, is not represented at all)". See *National Organization for Women v. Scheidler*, 223 F. 3d 615 (7th Cir. 2000).

125 F. 3d at 1063.

Using this standard, the *Ryan* court denied leave to file an *amicus* brief, finding that "It adds nothing to the …brief of petitioner." *Id.* at 1064. Other courts agree that when the parties are already adequately represented and participation of potential amicus curiae is unnecessary because it will not further aid in consideration of the relevant issues, leave to appear should be denied. *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*, 149 F.R.D. 65, 82 (D.N.J. 1993), citing *American College of Obstetricians v. Thornburgh, supra.*

*Amici's* proposed brief is similarly wanting. As in *Ryan*, Lefebure is adequately represented, and does not require *Amici* to repeat her arguments. Moreover, *Amici* have not established an appropriate "interest" which would make them eligible to appear as *amicus curiae*.

For the foregoing reasons, D'Aquilla respectfully requests that the Court deny the Motion for Leave to File an *Amici Curiae* Brief brought by the Retired Federal Judges.

If the Court is inclined to grant leave to file an amicus brief, D'Aquilla respectfully requests leave to file a separate brief in response thereto.

Respectfully submitted,

s/ *Ralph R. Alexis III*

Ralph R. Alexis III (02379)
Glenn B. Adams (02316)
Porteous, Hainkel & Johnson, LLP
704 Carondelet Street
New Orleans, Louisiana  70130
Telephone 504-581-3838
E-mail:  ralexis@phjlaw.com
E-mail: gadams@phjlaw.com
*Counsel for Samuel C. D'Aquilla in his*
*official capacity as District Attorney for the*
*20th Judicial District, State of Louisiana*

C. Frank Holthaus (06976)
Craig Frank Holthaus, APLC
4607 Bluebonnet Blvd., Ste. B
Baton Rouge, LA  70809
Telephone:  225-295-8286
E-mail:  Frank@holthauslaw.com
*Counsel for Samuel C. D'Aquilla*
*individually*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Opposition to Motion for Leave to File Amicus Brief has been served this **17th day of March, 2021**, on all counsel of record for all parties to this proceeding, and to the District Judge assigned to this matter, by electronic means or by mailing same by United States Mail, properly addressed and first class postage prepaid, to:

**Jack M. Rutherford, Esq.**
Rutherford Law
3110 Canal Street
New Orleans, LA  70119

**Sara A. Johnson, Esq.**
700 Camp Street
New Orleans, LA  70130-3702

**C. Jerome D'Aquila, Esq.**
D'Aquila Law Firm
308 East Main Street
P. O. Box 866
New Roads, LA  70760

**Lee J. Ledet, Esq.**
Erlingson Banks, PLLC
301 Main Street, Suite 2110
Baton Rouge, LA  70801

**T. Allen Usry, Esq.**
**James B. Mullaly, Esq.**
Usry & Weeks, APLC
1615 Poydras Street, Suite 1250
New Orleans, LA  70112

**Hon. Shelly D. Dick**
777 Florida Street, Suite 301
Baton Rouge, LA  70801

*s/ Ralph R. Alexis III*
**RALPH R. ALEXIS III**

## CERTIFICATE OF COMPLIANCE

1. The Opposition to the Petition for Rehearing *En Banc* complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 2,843 words, excluding the parts of the Brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This Opposition to the Petition for Rehearing *En Banc* complies with the typeface requirements of Fed. R. App. P. 32(a) (5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft® Office Word 2013 in size 14 Times New Roman.

3. This Opposition to the Petition for Rehearing *En Banc* was filed electronically, in native Portable Document File (PDF) format, via the Fifth Circuit's CM/ECF system.

*s/ Ralph R. Alexis, III*
**RALPH R. ALEXIS, III (02379)**
**GLENN B. ADAMS (02316)**

4833-8886-0129, v. 1